

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 8 2012

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DONALD PAXSON,                §
                              §
        Applicant,            §
                              §
VS.                           §   NO. 4:12-CV-588-A
                              §
REBECCA TAMEZ, WARDEN,        §
                              §
        Respondent.           §

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on for consideration the above-captioned action wherein Donald Paxson ("Paxson") is applicant and Rebecca Tamez, Warden, is respondent. This is an application for writ of habeas corpus in which Paxson, a prisoner at FCI-Fort Worth, seeks relief pursuant to 28 U.S.C. § 2241. The court concludes that the application should be denied.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, made applicable to applications pursuant to § 2241 by Rule 1(b), directs the court to dismiss the application if it appears from its face and any attached exhibits that the applicant is not entitled to relief. <u>See also</u> 28 U.S.C. § 2243 (ordering court to forward the petition to respondent "unless it appears from the application that the applicant or person detained is not entitled thereto."). Having considered the instant application and accompanying memorandum of law, the

court concludes that it is apparent from the face of the application that Paxson is entitled to no relief.

Paxson was charged and later convicted of possession and receipt of child pornography in violation of 18 U.S.C. §§ 2252(a) and 2252A. At Paxson's detention hearing, on February 14, 2007, following his initial appearance, the court ordered that he be released upon the execution of $50,000 unsecured bond, and that he live with his parents, be subject to electronic monitoring, and comply with various other conditions. Paxson later pleaded guilty to both counts of the indictment and was eventually sentenced to 70 months imprisonment.

In his instant application, Paxson claims that he is entitled to credit against his sentence for time spent in home confinement (1) because the pretrial release conditions were unconstitutional, and (2) because he was not advised of the relevant consequences of the pretrial release. However, in his memorandum of law, Paxson concedes that his home confinement does not qualify as "official detention" under 18 U.S.C. § 3585(b), which governs time spent in prior custody. See also, Reno v. Koray, 515 U.S. 50, 65 (1995) (holding that a defendant released on bail with restrictive conditions is not in official detention for purposes of § 3585(b) and is not entitled to credit against a sentence of imprisonment). Thus, as Paxson is fully aware that

he is entitled to no credit against his sentence for pretrial release, he appears to seek a ruling from the court that his release conditions were unconstitutional, that his sentencing court unconstitutionally failed to advise him of the fact that he would not receive time credit, and that he is entitled to some kind of redress.

Paxson argues that courts have held that mandatory imposition of pretrial release conditions under 18 U.S.C. § 3142(c)(1)(B) violates a criminal defendant's due process rights because of their mandatory nature. Paxson's arguments are without merit. While some courts have held that the mandatory nature of § 3142(c)(1)(B) may violate due process rights, the Fifth Circuit has not reached such a holding, and, in any event, it is clear that Paxson was not subjected to pretrial release conditions because such conditions were mandatory. See United States v. Paxson, No. 5:07-CR-072-OLG (W.D. Tex. Feb. 15, 2007). Given Paxson's indictment for possession and receipt of child pornography, and facts gathered from the government's investigation and Paxson's detention hearing,[1] the court was well

---

[1] Evidence considered at the detention hearing included statements from Paxson, a 42-year-old man, that he was sexually attracted to young children including his young niece and nephew, he engaged in Internet chats concerning sexual conduct with young children, and he had "licked" the genitalia of a six-month old girl. A search of his home and computer revealed 23 movies and 286 photographs of child pornography. He also stated that he was engaged in volunteer work with teenagers in a 4-H Club. See United States v. Paxson, 5:07-CR-072-OLG (W.D. Tex. Feb. 15, 2007).

within its discretion to order restrictive conditions imposed on Paxson, and explained that it believed the restrictions necessary for the safety of the community. Further, the court was not required to advise Paxson that his home confinement would not be credited against any sentence later imposed.

Therefore,

For the reasons discussed herein,

The court ORDERS that the application of Paxson for writ of habeas corpus pursuant to § 2241 be, and is hereby, denied.

SIGNED November 8, 2012.

_____
JOHN McBRYDE
United States District Judge